[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 227.]

DAYTON BAR ASSOCIATION *v*. PANKOWSKI.

[Cite as *Dayton Bar Assn. v. Pankowski*, 2002-Ohio-647.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter—Prejudicing or damaging client during course of professional relationship—Neglecting or refusing to assist or testify in a disciplinary hearing or investigation.*

(No. 01-1561—Submitted October 16, 2001—Decided February 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-55.

_____

*Per Curiam*.

{¶ 1} On August 7, 2000, relator, Dayton Bar Association, filed an amended complaint charging that respondent, Marlena Pankowski of Centerville, Ohio, Attorney Registration No. 0041877, violated several provisions of the Code of Professional Responsibility while serving as a court-appointed fiduciary. The complaint was served upon respondent through the Montgomery County Sheriff's Office and later by certified mail. Although respondent discussed the matter of the complaint with representatives of relator, respondent did not file an answer. Relator then filed a motion for a default judgment.

{¶ 2} The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") referred relator's motion for default to Master Commissioner Harry W. White for ruling. Based upon the allegations of the amended complaint, the master commissioner found that during the period from February 1, 1994, when she was appointed guardian of the person and estate of Clara Imber, until December 3, 1997, when she was removed as guardian,

respondent failed to take the appropriate steps to maintain Imber's eligibility for Medicaid benefits. Respondent also failed to follow Imber's directions to place $4,500 in a funeral trust, which would have rendered the fund an exempt asset under Medicaid accounting. As a result of respondent's conduct, the Montgomery County Probate Court found respondent negligent and liable for damages in the amount of $16,609.42.

{¶ 3} The master commissioner also found that respondent was appointed guardian of the person and estate of Treva R. Hersh in April 1991, and that she filed an inventory showing Hersh's assets as $208,812.74 in September 1991. After Hersh died in February 1993, respondent was appointed administrator of her estate and filed an inventory showing $143,608.47 in assets with no explanation of the difference from the previous accounting. Respondent failed to file an accounting for the estate or respond to four show-cause orders issued by the probate court. In August 1996, respondent filed an Ohio estate tax return for the Hersh estate showing assets of $153,179.30.

{¶ 4} In June 1998, the court removed respondent as administrator and surcharged her $14,088.62 for five years of unnecessary bond premiums, a penalty for filing a late state tax return, and for unauthorized fees paid to her law firm.

{¶ 5} The master commissioner concluded that respondent's conduct violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), and 7-101(A)(3) (a lawyer shall not prejudice or damage his client), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). The master commissioner recommended that respondent be indefinitely suspended from the practice of law.

{¶ 6} The board adopted the findings, conclusions, and recommendation of the master commissioner.

{¶ 7} We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Thomas P. Whelley II,* for relator.

_____